**Amrik Singh DHAMRAT, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–73452.
Agency No. A76–862–366.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 19, 2003.

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

MEMORANDUM **

Amrik Singh Dhamrat, a native and citizen of India, petitions for review of an

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an Immigration Judge's ("IJ") order denying his application for asylum and withholding of removal and denying his motion to remand under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and a denial of asylum and we uphold these determinations unless the evidence compels a contrary conclusion. *See Lata v. INS,* 204 F.3d 1241, 1244, 45 (9th Cir.2000). We deny the petition for review.

 Substantial evidence supports the adverse credibility finding because Dhamrat provided information in his asylum application that was inconsistent with his hearing testimony and he failed to adequately explain discrepancies as to his identity, his marital status, his city of residence, and documents offered in support of his claims. *See Lata,* 204 F.3d at 1245 (upholding adverse credibility determination because petitioner's explanation of discrepancies between asylum application and hearing testimony did not "compel[ ] the opposite result"). Because these factual discrepancies went to the "heart of [his] asylum claim," *see Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001), substantial evidence supports the denial of asylum, *see Lata,* 204 F.3d at 1245. It follows that Dhamrat did not satisfy the more stringent standard for withholding of removal. *See id.* at 1244.

The BIA did not abuse its discretion in denying Dhamrat's motion to remand because he failed to provide any new facts or evidence to support his contention that he would more likely than not be tortured upon return to India. *See* 8 C.F.R. § 1003.2(c)(1).

PETITION FOR REVIEW DENIED.